IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

JASON RAY CANTRELL,

                                 Case No. 2:11-CV-01306-SU

       Petitioner,

   v.

MARK NOOTH,

                               FINDINGS AND RECOMMENDATION

       Respondent.

       Jason Ray Cantrell
       #14132586
       777 Stanton Blvd.
       Ontario, OR 97914-8335

           Attorney for Petitioner

       Ellen F. Rosenblum, Attorney General
       Nick M. Kallstrom, Assistant Attorney General
       Department of Justice
       1162 Court Street NE
       Salem, Oregon 97310

           Attorneys for Respondent

   1 - FINDINGS AND RECOMMENDATION

SULLIVAN, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his underlying state-court convictions for Rape, Sodomy, Kidnapping, Robbery, and Assault.  For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) should be denied.

## BACKGROUND

In February 2004, petitioner assaulted his ex-girlfriend in her home, raped and sodomized her, stole her bank card, stole her car, and withdrew money from her bank account.  As a result, the Klamath County Grand Jury indicted petitioner on charges of Rape in the First Degree, Sodomy in the First Degree, Kidnapping in the First Degree, Robbery in the First Degree, Assault in the Fourth Degree, Driving Under the Influence of Intoxicants, and Unauthorized Use of a Vehicle.  Respondent's Exhibit 102.

The victim testified in detail about the events which led to petitioner's prosecution.  In addition, the State called Officer Don D. Newcomb, an officer who initially arrested petitioner. Newcomb testified that after another Trooper *Mirandized* petitioner, petitioner "admitted to everything." Trial Transcript, pp. 222-23. The prosecution also called Detective Stephanie Gourley who testified that after petitioner invoked his *Miranda* rights to remain silent and to counsel, petitioner advised her, "I'll give you the assault if you give me a cigarette."  *Id* at 169.

2 - FINDINGS AND RECOMMENDATION

The jury ultimately convicted petitioner of all charges, and the trial court sentenced him to consecutive sentences totaling 190 months in prison. Respondent's Exhibit 103. Petitioner took a direct appeal, but the Oregon Court of Appeals affirmed the trial court's decision without opinion, and the Oregon Supreme Court denied review. *State v. Cantrell*, 213 Or. App. 240, 160 P.3d 1039, *rev. denied*, 343 Or. 168, 165 P.3d 371 (2007).

Petitioner next filed for post-conviction relief ("PCR") in Malheur County where the PCR trial court denied relief on all of his claims. Respondent's Exhibit 134. The Oregon Court of Appeals affirmed that decision without opinion, and the Oregon Supreme Court denied review. *Cantrell v. Nooth*, 242 Or. App. 518, 254 P.3d 751, *rev. denied*, 350 Or. 530, 257 P.3d 1020 (2011).

On October 31, 2011, petitioner filed his federal Petition for Writ of Habeas Corpus (#2) which raises a single ground for relief: whether trial counsel was constitutionally ineffective when he failed to move to suppress petitioner's inculpatory statements to Officer Newcomb and Detective Gurley on the basis that the statements were not voluntary. Respondent asks the court to deny relief on the Petition because the PCR trial court's decision on this claim is neither contrary to, nor an unreasonable application of, clearly established federal law.

///

///

3 - FINDINGS AND RECOMMENDATION

**DISCUSSION**

I.    **Standard of Review**

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires

the state court decision to be more than incorrect or erroneous. *Id* at 410.  The state court's application of clearly established law must be objectively unreasonable.  *Id* at 409.

## II.  **Analysis**

Because no Supreme Court precedent is directly on point that corresponds to the facts of this case, the court uses the general two-part test the Supreme Court has established to determine whether petitioner received ineffective assistance of counsel. *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1419 (2009).  First, petitioner must show that his counsel's performance fell below an objective standard of reasonableness.  *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984).  Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, petitioner must show that his counsel's performance prejudiced the defense.  The appropriate test for prejudice is whether the petitioner can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial.  *Id* at 696. When *Strickland's* general standard is combined with the standard of review governing 28 U.S.C. § 2254 habeas corpus cases, the result

is a "doubly deferential judicial review." *Mirzayance*, 129 S.Ct. at 1420.

According to petitioner, counsel should have challenged the voluntariness of his statements to Officer Newcomb and Detective Gurley on the basis that he had ingested large quantities of aspirin, Sudafed, and alcohol shortly before his arrest. The PCR trial court denied relief on this claim when it determined that the police were not interrogating him when he made these statements. Respondent's Exhibit 134.

The voluntariness of a *Miranda* waiver depends upon "the absence of police overreaching, not on 'free choice' in any broader sense of the word." *Colorado v. Connelly*, 479 U.S. 157, 170 (1986). Indeed, the Supreme Court has never indicated that a suspect's impairments resulting from the use of drugs, alcohol, or other substances can negatively impact the waiver of his *Miranda* rights. *Matylinsky v. Budge*, 577 F.3d 1083, 1095 (9th Cir. 2009). Intoxicated suspects give voluntary and knowing waivers of their *Miranda* rights so long as the waivers are given by their own free will. *Id*. "Absent police conduct causally related to the confession, there is simply no basis for concluding that any state actor has deprived a criminal defendant of due process of law." *Connelly*, 479 U.S. at 164.

It is undisputed that petitioner's statements to Officer Newcomb were not the result of police interrogation, thus there was

no causal connection between the two, and the PCR trial court properly concluded that there was no legal basis to file a suppression motion.[1]

With respect to petitioner's statement to Detective Gurley that he would confess to the assault charge if she would give him a cigarette, there was no reason to file a suppression motion. Not only did petitioner volunteer this statement after questioning had stopped such that there was no legal basis for a suppression motion, but the statement was entirely consistent with petitioner's trial strategy.

The police report showed that the victim displayed obvious injuries in the wake of the attack:

> I observed that [the victim's] left eye and the area around it was already black and blue. I also noticed that [the] left side of her face (cheek area) was red and swollen. Her left ear was red and the area behind the left ear appeared to be bruised. There were various shades of red marks along the left side of her neck.

Respondent's Exhibit 132, p. 1.

In light of this report as well as the victim's own testimony that petitioner assaulted her, the defense could not plausibly deny

---

[1]   The court also notes that while petitioner had taken aspirin, Sudafed, and ingested alcohol shortly before his arrest, there is no indication that he was so intoxicated that he could not freely waive his *Miranda* rights.  Although Officer Newcomb's initial observation was that petitioner was "hammered drunk," petitioner's blood alcohol content was measured at .05% following his arrest, an amount well below the legal limit.  Trial Transcript, pp. 218-24.

7 - FINDINGS AND RECOMMENDATION

petitioner's culpability with respect to the assault charge. Consequently, at trial, the defense wisely conceded that petitioner assaulted the victim, but it argued that the sexual contact that followed was consensual.    Trial Transcript, pp. 71-73.    To do otherwise would have damaged the defense's credibility.

Because petitioner's statement to Detective Gurley was consistent with his strategy at trial, and as there was no legal basis to file a suppression motion, counsel made a reasonable tactical choice when he did not file such a motion.    As a result, the PCR trial court's decision denying relief on petitioner's ineffective assistance of counsel claim is neither contrary to, nor an unreasonable application of, clearly established federal law. Relief on the Petition should therefore be denied.[2]

## RECOMMENDATION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) should be denied and a judgment should be entered dismissing this case with prejudice.    The court should decline to issue a Certificate of Appealability on the basis that

---

[2]   To the extent petitioner's supporting memorandum argues claims not raised in his Petition, those claims should not be considered.    *See* Rule 2(c), Rules Governing Section 2254 Proceedings, 28 U.S.C. foll. § 2254 (requiring each habeas petition to "specify all the grounds for relief which are available to the petitioner"); *Greene v. Henry*, 302 F.3d 1067, 1070 fn 3 (9th Cir. 2002) (a court need not consider claims not raised in the petition).

8 - FINDINGS AND RECOMMENDATION

petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

## SCHEDULING ORDER

This Findings and Recommendation will be referred to a district judge.  Objections, if any, are due within 14 days.  If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this  27th  day of November, 2012.


              /s/ Patricia Sullivan
              Patricia Sullivan
              United States Magistrate Judge


9 – FINDINGS AND RECOMMENDATION